# Exhibit A

## DECLARATION OF SUSAN BURGESS TENCZA

1. My name is Susan Burgess Tencza. I am the Senior Vice President, Human Resources at System One Holdings, LLC ("System One"). I have been employed by System One since June 27, 2011. I am over the age of 18. I am capable of making this declaration. All of the information in this declaration is true and correct, and is within my personal knowledge.

2. My duties include overseeing the onboarding of new employees. Through my duties and review of System One's records, I am familiar with System One's employment of Craig Cypert, Charles R. Copley, Chad Copley and Larry Krone.

3. As part of its hiring process, System One requires all employees to enter into a Confidentiality, Non-Solicitation and Work Product Assignment Agreement, and Mutual Agreement to Arbitrate Claims (the "Arbitration Agreement"), as a condition of employment.

4. Mr. Cypert was employed by System One from on or about February 4, 2017 until April 9, 2017, and then again from on or about July 18, 2018 until October 13, 2019.

5. Charles Copley was employed by System One from on or about February 18, 2017 until December 31, 2017, then again from on or about February 18, 2018 until March 26, 2018, and finally from on or about March 29, 2018 until July 12, 2019.

6. Chad Copley has been employed by System One from on or about February 19, 2017 through the present.

7. Mr. Krone has been employed by System One from on or about June 3, 2017 through the present.

8. While employees of System One, all of these employees were assigned by System One to work at its client's site in West Virginia.

9. Attached to this declaration are the Arbitration Agreements that were entered into by each of these employees in connection with their employment with System One.

10. I declare under penalty of perjury that the foregoing is true and correct.

Date: 3/19/2020

Susan Burgess Tencza

# Exhibit A-1

DocuSign Envelope ID: 39C8729A-1F7D-42D1-8F64-B369C264E324



## CONFIDENTIALITY, NON-SOLICITATION
## AND WORK PRODUCT ASSIGNMENT AGREEMENT,
## <u>AND MUTUAL AGREEMENT TO ARBITRATE CLAIMS</u>

This Confidentiality, Non-Solicitation and Work Product Assignment Agreement and Mutual Agreement to Arbitrate Claims ("the Agreement"), is between System One Holdings, LLC and/or its affiliates, predecessors and/or successors (individually and collectively, "System One")[1] and _____ <u>charles R copley</u>_____ ("Employee") (the Employee and System One, together, are referred to as the "Parties"). As a material inducement for System One to employ Employee on an at-will basis, and in consideration of Employee's employment by System One, and in further consideration of the mutual promises set forth below, intending to be legally bound, the Parties agree as follows:

### 1. <u>Confidential Information.</u>

#### 1.1. <u>Definition.</u>

"Confidential Information" consists of all information or data relating to the business of System One, including but not limited to, business and financial information; new product development and technological data; personnel information and the identities of employees; the identities of applicants for employment; the identities of clients and suppliers and prospective clients and suppliers; client lists and potential client lists; résumés; development, expansion and business strategies, plans and techniques; computer programs, devices, methods, techniques, processes and inventions; research and development activities; trade secrets as defined by applicable law and other materials (whether in written, graphic, audio, visual, electronic or other media, including computer software) developed by or on behalf of System One which is not generally known to the public, which System One has and will take precautions to maintain as confidential, and which derives at least a portion of its value to System One from its confidentiality. Additionally, Confidential Information includes information of any third party doing business with System One (actively or prospectively) that falls within the definition of Confidential Information set forth above as applied to such third party or that System One or such third party identifies as being confidential. Confidential Information does not include any information that is in the public domain or otherwise publicly available (other than as a result of a wrongful act by Employee or an agent or other employee of System One), information relating to the terms and conditions of employment, such as wages and benefits or other information that relates to Employee's engaging in lawful, protected, concerted activity under the National Labor Relations Act.

#### 1.2. <u>Agreement Regarding the Confidentiality of Confidential Information.</u>

Employee acknowledges that, as a result of his/her employment by System One, he/she will have access to Confidential Information and to additional Confidential Information which may be developed in the future. Employee acknowledges that all Confidential Information is the exclusive property of System One, or in the case of Confidential Information of a third party, of such third party. Employee agrees to hold all Confidential Information in trust for the benefit of the owner of such Confidential Information. Employee further agrees that he/she will use Confidential Information for the sole purpose of performing his/her work for System One, and that during his/her employment with System One, and at all times after the termination of that employment for any reason, Employee will not

---

[1] Any reference in this Agreement to System One will be a reference to System One, its parents, subsidiaries, predecessors, successors, and assigns, and also to the officers, directors, employees, agents, benefit plans, benefit plans' sponsors and administrators, and fiduciaries of any of the foregoing.

DocuSign Envelope ID: 39C8729A-1F7D-42D1-8F64-B369C264E324

system|one

use for his/her benefit, or the benefit of others, or divulge or convey to any third party any Confidential Information obtained by Employee during his/her employment by System One, unless it is pursuant to System One's express prior written permission.

### 1.3.  Return of Property.

Employee acknowledges that he/she has not acquired and will not acquire any right, title or interest in any Confidential Information or any portion thereof. Employee agrees that, either before or upon termination of his/her employment for any reason, or at any time upon System One's request, he/she will deliver to System One immediately, all documents, data, computer programs and all other materials, and all copies thereof, that were obtained or made by Employee during his/her employment with System One, which constitute, contain or relate to Confidential Information, and any other documents, equipment and materials of any kind which constitute the property of System One or its clients, whether confidential or not, including any and all copies or notes thereof which may have been made by or for Employee.  After the termination of Employee's employment, Employee shall not retain, in hard copy, computer, electronic, or any other form, any information which constitutes, contains, or relates in any way to proprietary, confidential, or trade secret information of System One or its clients, including Confidential Information.

### 1.4.  Additional Obligation to Maintain the Confidentiality of Client's Confidential Information.

Employee may have access to confidential client information during Employee's employment with System One. Confidential client information includes all information about client's business affairs that is provided to System One by its clients, which is not already known or readily available to the general public. Knowledge of a client's business affairs must never be disclosed or used in an improper manner.

In order to maintain the professional confidence that is the basis of the client relationship, Employee shall not:

a.  Discuss any client's affairs with other clients or with third parties, unless System One has been authorized to do so and System One expressly authorizes Employee to do so.
b.  Identify any particular client where or with whom System One did work, including but not limited to when discussing the specific projects performed with other potential or existing clients.
c.  Discuss any confidential information of any client with any such client's employees who are not authorized to receive it.
d.  Discuss confidential client matters in public places where conversations may be overheard.

### 2.  Disclosure and Assignment of Inventions and Creative Works.

Employee agrees, during and after his/her employment with System One, to promptly disclose in writing to System One all inventions, ideas, discoveries, developments, improvements and innovations (collectively "Inventions"), whether or not patentable and all copyrightable works, including but limited to computer software designs and programs ("Creative Works") conceived, made or developed by Employee, whether solely or together with others, during the period Employee is employed by System One. Employee agrees that all Inventions and all Creative Works, whether or not conceived or made during working hours, that: (a) relate directly to the business of System One or its actual or demonstrably anticipated research or development, or (b) result from Employee's work for System One,

DocuSign Envelope ID: 39C8729A-1F7D-42D1-8F64-B369C264E324

system | one

or (c) involve the use of any equipment, supplies, facilities, Confidential Information, or time of System One, are the exclusive property of System One. To the extent that the Inventions or Creative Works consist of copyrightable subject matter, Employee and System One agree and acknowledge that the subject matter and any and all rights with respect to that subject matter are and shall be deemed, to the extent allowed by law, to be produced by for System One as a work made for hire. Employee hereby assigns and agrees to assign all right, title and interest in and to all such Inventions and Creative Works to System One. During and after the period of Employee's employment with System One, Employee shall execute all documents, and will assist System One in every reasonable and proper way, to obtain and enforce patents, trademark registrations, service mark registrations and copyrights, but Employee will receive no compensation for his/her assistance, other than the base earnings that Employee receives while employed by System One. Employee understands that he/she is not required to assign to System One any Invention or Creative Work for which no equipment, supplies, facilities, Confidential Information or time of System One was used, unless such Invention or Creative Work relates directly to System One's business or actual or demonstrably anticipated research and development, or results from any work performed by Employee for System One.

3. **Non-Solicitation Covenants.**

   3.1. **Non-Solicitation of Clients.**

   During the period of the Employee's employment with System One and for a period of one year from the date of termination of such employment for any reason (the "Restricted Period"), Employee agrees that he/she will not, directly or indirectly, for the Employee's benefit or on behalf of any person, corporation, partnership or entity whatsoever call on, solicit, perform services for, interfere with or endeavor to entice away from System One any client to whom Employee provided services at any time during the 12 month period immediately preceding the date of termination of Employee's employment with System One, or any prospective client with whom Employee had contact during the six month period immediately preceding the date of termination of Employee's employment with System One. A "prospective client" shall be defined as an individual or company that expressed interest in working with System One or any individual or company to which System One submitted a bid or proposal. Notwithstanding the foregoing, the Restricted Period for employees performing work for System One exclusively or primarily in California shall be the period of Employee's employment with System One.

   3.2. **Non-Solicitation of Employees.**

   During the Restricted Period, as defined in Section 3.1, Employee agrees that he/she will not, directly or indirectly (1) hire, attempt to hire or solicit for employment any employee of System One, or (2) encourage any employee to leave the employee's employment with System One. For purposes of this Agreement, an employee is any individual who was employed by System One on the last day of Employee's employment or any individual who was employed by System One during the six month period immediately preceding the last day of Employee's employment with System One.

   3.3. **Non-Solicitation of Candidates.**

   During the Restricted Period, as defined in Section 3.1, except for the exclusive purpose of performing his/her work for System One, Employee agrees that he/she will not, directly or indirectly, hire, attempt to hire or solicit for employment any candidate for employment who Employee solicited for placement with or placed with System One during Employee's employment with System One.

4. **Agreement to Arbitrate.**

DocuSign Envelope ID: 39C8729A-1F7D-42D1-8F64-B369C264E324

system|one

### 4.1. Acknowledgment.

The Parties recognize that differences may arise between them, or between Employee and System One's client(s), during or after Employee's employment with System One.

The Parties understand and agree that by entering into this agreement to arbitrate claims, each anticipates gaining the benefit of arbitration as a speedy, impartial dispute-resolution procedure, and each understands and agrees that both parties are voluntarily consenting to forego other types of litigation, except as specifically listed below in Sections 4.2 and 4.3. *The Parties acknowledge and agree that, by entering into this Agreement, each Party is giving up the right to a jury trial for claims covered by this Section 4.* Employee acknowledges that his/her agreement to submit to arbitration as described in this Agreement is in consideration of and is a material inducement to his/her employment by System One.

### 4.2. Claims Covered by this Agreement.

System One and Employee mutually consent to the resolution by arbitration of all claims or controversies (including tort, contract or statutory), whether or not arising out of Employee's employment (or the termination of that employment), that System One may have against Employee or that Employee may have against System One, or that Employee may have against System One's client(s), if Employee's claim against System One's client(s) arises out of Employee's employment with System One (together, all of these are referred to as "claims"), except claims excluded in the following Section 4.3. Claims covered by this Agreement include, but are not limited to, claims for wages, bonuses, overtime pay, or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims, including but not limited to, defamation, wrongful termination, invasion of privacy and intentional infliction of emotional distress; claims for discrimination (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, genetic information or medical condition or disability), harassment and/or retaliation; claims for benefits or the monetary equivalent of benefits (except where an employee benefit or pension plan specifies that its claims procedure is subject to an arbitration procedure different from this one); and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, except claims excluded in the following Section 4.3. Any and all claims must be brought in Employee's individual capacity, and not as a plaintiff, representative class member or class member in any purported class, collective or representative proceeding, to the maximum extent permitted by applicable law. System One's client(s) is an intended beneficiary of Section 4 of this Agreement.

### 4.3. Claims Not Covered by this Agreement.

Claims not covered by this Agreement include claims that Employee may have now or in the future for workers' compensation or unemployment benefits. Also not covered by this Agreement are claims by System One based on criminal acts of Employee, and claims by System One for injunctive or other equitable relief and damages for: (a) breach or threatened breach of any non-competition, non-solicitation, confidentiality and/or patent or invention assignment agreements; (b) unfair competition; or (c) the misappropriation, use and/or unauthorized disclosure of trade secrets or confidential information, as to each of which Employee understands and agrees that System One may immediately seek and obtain relief from a court of competent jurisdiction.

DocuSign Envelope ID: 39C8729A-1F7D-42D1-8F64-B369C264E324



### 4.4. Required Notice of All Claims and Statute of Limitations.

The Parties agree that each must deliver written notice of any claim to the other party within one (1) year of the date the aggrieved party first has knowledge of the claim; otherwise the claim will be void and deemed waived, even if there is a federal or state statute of limitations which would have given more time to pursue the claim, to the maximum extent permitted by applicable law. Each party hereby waives any statute of limitations to the contrary. Notice to System One must be sent to the following:

System One Holdings, LLC
Attention: Chief Operating Officer
12 Federal Street
Suite 205
Pittsburgh, PA 15212

Notice to Employee must be sent to the address last known address provided by Employee to System One in writing.

### 4.5. Arbitration Procedures.

System One and Employee agree that any arbitration under this Agreement shall be in accordance with the then-current employment dispute rules of the American Arbitration Association ("AAA") and all arbitration demands shall be through AAA unless System One and Employee mutually agree to a different dispute resolution company. System One and Employee agree that the arbitration shall be held in Pittsburgh, Pennsylvania, unless System One and Employee mutually agree to hold the arbitration in a different location.

The arbitrator shall render a written award and opinion in the form typically rendered in arbitrations. The arbitrator's award shall be final and binding.

### 4.6. Arbitration Fees and Costs.

System One will pay the reasonable fees and costs of the arbitrator. System One and Employee will each pay its and his/her costs and attorneys' fees, if any. However, if either Party prevails on a statutory claim that affords the prevailing party attorneys' fees, the arbitrator may award reasonable fees to the prevailing Party.

### 4.7. Requirements for Modification or Revocation.

This Agreement to arbitrate shall survive the termination of Employee's employment. It may only be revoked or modified by a writing signed by the Parties which specifically states an intent to revoke or modify this Agreement.

### 4.8. Sole and Entire Agreement Relating to Arbitration.

This is the complete agreement of the Parties on the subject of arbitration of disputes except for any arbitration agreement in connection with any pension or benefit plan. This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. Employee is not relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

DocuSign Envelope ID: 39C8729A-1F7D-42D1-8F64-B369C264E324

system|one

## 5.  Miscellaneous.

### 5.1.  At-Will Employment; Not a Guarantee of Employment.

This Agreement is not, and shall not be construed to create, any contract of employment or guarantee of employment for any specific time or under any specific terms or conditions., express or implied, and each of the Parties remains free to terminate the employment relationship at any time, for any reason or no reason, with or without notice, reason, or cause.  The Parties acknowledge and agree that the relationship between Employee and System One is at-will.

### 5.2.  Notice to Prospective Employers.

Employee agrees that, with respect to each prospective employer with which Employee applies or interviews for employment during the term of Employee's employment with System One and within one year after the termination of Employee's employment with System One, Employee will inform the prospective employer of the existence of this Agreement and will provide the prospective employer with a copy of this Agreement.  Employee agrees that System One may provide any such prospective employer with a copy of this Agreement.

### 5.3.  Representations.

Employee represents that the duties and obligations set forth in this Agreement will not unduly restrict or limit Employee's ability to earn a livelihood following Employee's termination of employment.

### 5.4.  Continuing Obligations.

The duties and obligations set forth in this Agreement shall continue to apply in accordance with their terms after the termination of Employee's employment with System One, regardless of whether Employee voluntarily quits his/her employment with System One or is terminated by System One, and regardless of whether Employee's termination is with or without cause.  The Restricted Period, as defined in Section 3, shall automatically be extended by the length of time during which Employee is in breach of his or her obligations under Sections 3(a), 3(b) or 3(c) of this Agreement.

### 5.5.  Enforcement.

If a court of competent jurisdiction determines that any of the restrictions stated herein are unreasonable, invalid or unenforceable, the parties hereto expressly agree that the court shall have the power to reduce the period, scope or geographical period contained in this Agreement to substitute the maximum period, scope or geographical area deemed reasonable under such circumstances. Because money damages would be an inadequate remedy for any breach of Employee's obligations under this Agreement, in the event Employee breaches or threatens to breach this Agreement, System One, or any successors or assigns, may, in addition to other rights and remedies existing in its favor, apply to any court of competent jurisdiction for specific performance, or injunctive or other equitable relief in order to enforce, or prevent any violations of, this Agreement.

### 5.6.  Severability.

DocuSign Envelope ID: 39C8729A-1F7D-42D1-8F64-B369C264E324

system|one

Whenever possible, each provision of this Agreement will be interpreted in such a way as to be effective, valid and lawful under applicable law, but if any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect under any applicable law or rule in any jurisdiction, such invalidity, illegality or unenforceability will not affect any other provisions, but this Agreement and/or such provision will be reformed, construed and enforced in such jurisdiction as if such invalid, illegal or unenforceable provision had never been contained herein.  Nothing in this Agreement is intended to preclude or dissuade Employee from engaging in legally protected activities or activities protected by local, state or federal law, including but not limited to the National Labor Relations Act, such as discussing wages, benefits or terms and conditions of employment, forming, joining or supporting labor unions, bargaining collectively through representatives of their choosing, raising complaints about working conditions for their and their fellow employees' mutual aid or protection or engaging in legally required activities.

### 5.7.    Complete Agreement.

Except as set forth in this Agreement, this Agreement contains the complete agreement and understanding between the Parties and supersedes and preempts any prior understanding, agreement or representation by or between the Parties, written or oral, relating to the subject matter contained herein. Employee is not relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

### 5.8.    Additional Rights and Causes of Action.

This Agreement is in addition to and does not in any way waive or detract from any rights or causes of action System One may have relating to Confidential Information or other protectable information or interests under statutory or common law or under any other agreement.

### 5.9.    Governing Law.

Notwithstanding principles of conflicts of law of any jurisdiction to the contrary, this Agreement shall be construed in accordance with, and the rights and obligations of the Parties hereunder shall be governed by all terms and provisions of this Agreement are to be construed and governed by the laws of the Commonwealth of Pennsylvania.

### 5.10.    Forum Selection.

Except as otherwise expressly set forth in Section 4 of this Agreement, any civil action to enforce this Agreement, or for a declaration of rights under this Agreement, shall be brought in and only in the Court of Common Pleas of Allegheny County, Pennsylvania, or, if the United States District Courts would otherwise have jurisdiction, in the United States District Court for the Western District of Pennsylvania.  Employee hereby waives any objection that Employee may now or hereafter have to jurisdiction or venue in those courts, and agrees to submit to the jurisdiction of those courts.  Employee agrees System One may make effective service of process on him/her by mail at the last known address provided to System One by Employee in writing.

### 5.11.    Successors and Assigns.

System One and Employee acknowledge that the covenants and terms of this Agreement are intended to benefit not only System One, but also its successors, subsidiaries and affiliates. Accordingly, Employee agrees that System One may assign this Agreement to any person, partnership

system | one

or corporation that purchases or is purchased by System One, as well as to any System One subsidiary or affiliate, without notice to Employee. These persons and other entities shall succeed to the rights and obligations of this Agreement and may enforce the terms of the Agreement on their own behalf or in the name of System One. Employee may not assign Employee's rights or delegate Employee's obligations hereunder.

### 5.12. **Waivers.**

The waiver by either Employee or System One of a breach by the other party of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by the breaching party.

SYSTEM ONE AND EMPLOYEE ACKNOWLEDGE THAT (A) EACH HAS CAREFULLY READ THIS AGREEMENT, (B) EACH UNDERSTANDS ITS TERMS, (C) ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN SYSTEM ONE AND EMPLOYEE RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND (D) EACH HAS ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE OTHER, OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

EMPLOYEE FURTHER ACKNOWLEDGES THAT HE/SHE HAS BEEN GIVEN SUFFICIENT TIME AND OPPORTUNITY TO CONSIDER WHETHER TO SIGN THIS AGREEMENT; AND HAS NOT BEEN FORCED OR COERCED INTO DOING SO.

**IN WITNESS WHEREOF,** and intending to be legally bound, the Parties hereto have executed this Confidentiality, Non-Solicitation and Work Product Assignment Agreement and Mutual Agreement to Arbitrate Claims.

SYSTEM ONE HOLDINGS, LLC

DocuSigned by:

*charles copley*

A8DDE6B2A9B94CA...

Signature of Employee

charles R copley

Signature of Authorized Representative

## Human Resources Manager

Print Name of Employee

Title of Representative

2/24/2017

Date

2/24/2017

Date

# Exhibit A-2



## CONFIDENTIALITY, NON-SOLICITATION
## AND WORK PRODUCT ASSIGNMENT AGREEMENT,
## AND MUTUAL AGREEMENT TO ARBITRATE CLAIMS

This Confidentiality, Non-Solicitation and Work Product Assignment Agreement and Mutual Agreement to Arbitrate Claims ("the Agreement"), is between System One Holdings, LLC and/or its affiliates, predecessors and/or successors (individually and collectively, "System One")[1] and _____ _____ ("Employee") (the Employee and System One, together, are referred to as the "Parties"). As a material inducement for System One to employ Employee on an at-will basis, and in consideration of Employee's employment by System One, and in further consideration of the mutual promises set forth below, intending to be legally bound, the Parties agree as follows:

## 1.  Confidential Information.

### 1.1.  Definition.

"Confidential Information" consists of all information or data relating to the business of System One, including but not limited to, business and financial information; new product development and technological data; personnel information and the identities of employees; the identities of applicants for employment; the identities of clients and suppliers and prospective clients and suppliers; client lists and potential client lists; résumés; development, expansion and business strategies, plans and techniques; computer programs, devices, methods, techniques, processes and inventions; research and development activities; trade secrets as defined by applicable law and other materials (whether in written, graphic, audio, visual, electronic or other media, including computer software) developed by or on behalf of System One which is not generally known to the public, which System One has and will take precautions to maintain as confidential, and which derives at least a portion of its value to System One from its confidentiality. Additionally, Confidential Information includes information of any third party doing business with System One (actively or prospectively) that falls within the definition of Confidential Information set forth above as applied to such third party or that System One or such third party identifies as being confidential. Confidential Information does not include any information that is in the public domain or otherwise publicly available (other than as a result of a wrongful act by Employee or an agent or other employee of System One), information relating to the terms and conditions of employment, such as wages and benefits or other information that relates to Employee's engaging in lawful, protected, concerted activity under the National Labor Relations Act.

### 1.2.  Agreement Regarding the Confidentiality of Confidential Information.

Employee acknowledges that, as a result of his/her employment by System One, he/she will have access to Confidential Information and to additional Confidential Information which may be developed in the future. Employee acknowledges that all Confidential Information is the exclusive property of System One, or in the case of Confidential Information of a third party, of such third party. Employee agrees to hold all Confidential Information in trust for the benefit of the owner of such Confidential Information. Employee further agrees that he/she will use Confidential Information for the sole purpose of performing his/her work for System One, and that during his/her employment with System One, and at all times after the termination of that employment for any reason, Employee will not use for his/her benefit, or the benefit of others, or divulge or convey to any third party any Confidential Information

---

[1] Any reference in this Agreement to System One will be a reference to System One, its parents, subsidiaries, predecessors, successors, and assigns, and also to the officers, directors, employees, agents, benefit plans, benefit plans' sponsors and administrators, and fiduciaries of any of the foregoing.

062015

Doc ID: 20180724121739613
Sertifi Electronic Signature

system|one

obtained by Employee during his/her employment by System One, unless it is pursuant to System One's express prior written permission.

**1.3.** **Return of Property.**

Employee acknowledges that he/she has not acquired and will not acquire any right, title or interest in any Confidential Information or any portion thereof. Employee agrees that, either before or upon termination of his/her employment for any reason, or at any time upon System One's request, he/she will deliver to System One immediately, all documents, data, computer programs and all other materials, and all copies thereof, that were obtained or made by Employee during his/her employment with System One, which constitute, contain or relate to Confidential Information, and any other documents, equipment and materials of any kind which constitute the property of System One or its clients, whether confidential or not, including any and all copies or notes thereof which may have been made by or for Employee.  After the termination of Employee's employment, Employee shall not retain, in hard copy, computer, electronic, or any other form, any information which constitutes, contains, or relates in any way to proprietary, confidential, or trade secret information of System One or its clients, including Confidential Information.

**1.4.** **Additional Obligation to Maintain the Confidentiality of Client's Confidential Information.**

Employee may have access to confidential client information during Employee's employment with System One. Confidential client information includes all information about client's business affairs that is provided to System One by its clients, which is not already known or readily available to the general public. Knowledge of a client's business affairs must never be disclosed or used in an improper manner.

In order to maintain the professional confidence that is the basis of the client relationship, Employee shall not:

a.    Discuss any client's affairs with other clients or with third parties, unless System One has been authorized to do so and System One expressly authorizes Employee to do so.
b.    Identify any particular client where or with whom System One did work, including but not limited to when discussing the specific projects performed with other potential or existing clients.
c.    Discuss any confidential information of any client with any such client's employees who are not authorized to receive it.
d.    Discuss confidential client matters in public places where conversations may be overheard.

**2.** **Disclosure and Assignment of Inventions and Creative Works.**

Employee agrees, during and after his/her employment with System One, to promptly disclose in writing to System One all inventions, ideas, discoveries, developments, improvements and innovations (collectively "Inventions"), whether or not patentable and all copyrightable works, including but limited to computer software designs and programs ("Creative Works") conceived, made or developed by Employee, whether solely or together with others, during the period Employee is employed by System One. Employee agrees that all Inventions and all Creative Works, whether or not conceived or made during working hours, that: (a) relate directly to the business of System One or its actual or demonstrably anticipated research or development, or (b) result from Employee's work for System One, or (c) involve the use of any equipment, supplies, facilities, Confidential Information, or time of System One, are the exclusive property of System One.  To the extent that the Inventions or Creative Works consist of copyrightable subject matter, Employee and System One agree and acknowledge that the subject matter and any and all rights with respect to that subject matter are and shall be deemed, to the extent allowed by

Doc ID: 20180724121739613
Sertifi Electronic Signature

system | one

law, to be produced by for System One as a work made for hire. Employee hereby assigns and agrees to assign all right, title and interest in and to all such Inventions and Creative Works to System One. During and after the period of Employee's employment with System One, Employee shall execute all documents, and will assist System One in every reasonable and proper way, to obtain and enforce patents, trademark registrations, service mark registrations and copyrights, but Employee will receive no compensation for his/her assistance, other than the base earnings that Employee receives while employed by System One. Employee understands that he/she is not required to assign to System One any Invention or Creative Work for which no equipment, supplies, facilities, Confidential Information or time of System One was used, unless such Invention or Creative Work relates directly to System One's business or actual or demonstrably anticipated research and development, or results from any work performed by Employee for System One.

**3.        Non-Solicitation Covenants.**

   **3.1.      Non-Solicitation of Clients.**

   During the period of the Employee's employment with System One and for a period of one year from the date of termination of such employment for any reason (the "Restricted Period"), Employee agrees that he/she will not, directly or indirectly, for the Employee's benefit or on behalf of any person, corporation, partnership or entity whatsoever call on, solicit, perform services for, interfere with or endeavor to entice away from System One any client to whom Employee provided services at any time during the 12 month period immediately preceding the date of termination of Employee's employment with System One, or any prospective client with whom Employee had contact during the six month period immediately preceding the date of termination of Employee's employment with System One. A "prospective client" shall be defined as an individual or company that expressed interest in working with System One or any individual or company to which System One submitted a bid or proposal. Notwithstanding the foregoing, the Restricted Period for employees performing work for System One exclusively or primarily in California shall be the period of Employee's employment with System One.

   **3.2.      Non-Solicitation of Employees.**

   During the Restricted Period, as defined in Section 3.1, Employee agrees that he/she will not, directly or indirectly (1) hire, attempt to hire or solicit for employment any employee of System One, or (2) encourage any employee to leave the employee's employment with System One. For purposes of this Agreement, an employee is any individual who was employed by System One on the last day of Employee's employment or any individual who was employed by System One during the six month period immediately preceding the last day of Employee's employment with System One.

   **3.3.      Non-Solicitation of Candidates.**

   During the Restricted Period, as defined in Section 3.1, except for the exclusive purpose of performing his/her work for System One, Employee agrees that he/she will not, directly or indirectly, hire, attempt to hire or solicit for employment any candidate for employment who Employee solicited for placement with or placed with System One during Employee's employment with System One.

**4.        Agreement to Arbitrate.**

Doc ID: 20180724121739613
Sertifi Electronic Signature

system|one

### 4.1.   Acknowledgment.

The Parties recognize that differences may arise between them, or between Employee and System One's client(s), during or after Employee's employment with System One.

The Parties understand and agree that by entering into this agreement to arbitrate claims, each anticipates gaining the benefit of arbitration as a speedy, impartial dispute-resolution procedure, and each understands and agrees that both parties are voluntarily consenting to forego other types of litigation, except as specifically listed below in Sections 4.2 and 4.3. *The Parties acknowledge and agree that, by entering into this Agreement, each Party is giving up the right to a jury trial for claims covered by this Section 4.* Employee acknowledges that his/her agreement to submit to arbitration as described in this Agreement is in consideration of and is a material inducement to his/her employment by System One.

### 4.2.   Claims Covered by this Agreement.

System One and Employee mutually consent to the resolution by arbitration of all claims or controversies (including tort, contract or statutory), whether or not arising out of Employee's employment (or the termination of that employment), that System One may have against Employee or that Employee may have against System One, or that Employee may have against System One's client(s), if Employee's claim against System One's client(s) arises out of Employee's employment with System One (together, all of these are referred to as "claims"), except claims excluded in the following Section 4.3. Claims covered by this Agreement include, but are not limited to, claims for wages, bonuses, overtime pay, or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims, including but not limited to, defamation, wrongful termination, invasion of privacy and intentional infliction of emotional distress; claims for discrimination (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, genetic information or medical condition or disability), harassment and/or retaliation; claims for benefits or the monetary equivalent of benefits (except where an employee benefit or pension plan specifies that its claims procedure is subject to an arbitration procedure different from this one); and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, except claims excluded in the following Section 4.3. Any and all claims must be brought in Employee's individual capacity, and not as a plaintiff, representative class member or class member in any purported class, collective or representative proceeding, to the maximum extent permitted by applicable law. System One's client(s) is an intended beneficiary of Section 4 of this Agreement.

### 4.3.   Claims Not Covered by this Agreement.

Claims not covered by this Agreement include claims that Employee may have now or in the future for workers' compensation or unemployment benefits. Also not covered by this Agreement are claims by System One based on criminal acts of Employee, and claims by System One for injunctive or other equitable relief and damages for: (a) breach or threatened breach of any non-competition, non-solicitation, confidentiality and/or patent or invention assignment agreements; (b) unfair competition; or (c) the misappropriation, use and/or unauthorized disclosure of trade secrets or confidential information, as to each of which Employee understands and agrees that System One may immediately seek and obtain relief from a court of competent jurisdiction.

### 4.4.   Required Notice of All Claims and Statute of Limitations.

The Parties agree that each must deliver written notice of any claim to the other party within one (1) year of the date the aggrieved party first has knowledge of the claim; otherwise the claim will be void

Doc ID: 20180724121739613
Sertifi Electronic Signature

system|one

and deemed waived, even if there is a federal or state statute of limitations which would have given more time to pursue the claim, to the maximum extent permitted by applicable law. Each party hereby waives any statute of limitations to the contrary. Notice to System One must be sent to the following:

> System One Holdings, LLC
> Attention: Chief Operating Officer
> 210 Sixth Avenue
> Suite 3100
> Pittsburgh, PA 15222

Notice to Employee must be sent to the address last known address provided by Employee to System One in writing.

### 4.5. <u>Arbitration Procedures.</u>

System One and Employee agree that any arbitration under this Agreement shall be in accordance with the then-current employment dispute rules of the American Arbitration Association ("AAA") and all arbitration demands shall be through AAA unless System One and Employee mutually agree to a different dispute resolution company. System One and Employee agree that the arbitration shall be held in Pittsburgh, Pennsylvania, unless System One and Employee mutually agree to hold the arbitration in a different location.

The arbitrator shall render a written award and opinion in the form typically rendered in arbitrations. The arbitrator's award shall be <u>final and binding</u>.

### 4.6. <u>Arbitration Fees and Costs.</u>

System One will pay the reasonable fees and costs of the arbitrator. System One and Employee will each pay its and his/her costs and attorneys' fees, if any. However, if either Party prevails on a statutory claim that affords the prevailing party attorneys' fees, the arbitrator may award reasonable fees to the prevailing Party.

### 4.7. <u>Requirements for Modification or Revocation.</u>

This Agreement to arbitrate shall survive the termination of Employee's employment. It may only be revoked or modified by a writing signed by the Parties which specifically states an intent to revoke or modify this Agreement.

### 4.8. <u>Sole and Entire Agreement Relating to Arbitration.</u>

This is the complete agreement of the Parties on the subject of arbitration of disputes except for any arbitration agreement in connection with any pension or benefit plan. This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. Employee is not relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

Doc ID: 20180724121739613
Sertifi Electronic Signature

system|one

## 5. Miscellaneous.

### 5.1. At-Will Employment; Not a Guarantee of Employment.

This Agreement is not, and shall not be construed to create, any contract of employment or guarantee of employment for any specific time or under any specific terms or conditions., express or implied, and each of the Parties remains free to terminate the employment relationship at any time, for any reason or no reason, with or without notice, reason, or cause. The Parties acknowledge and agree that the relationship between Employee and System One is at-will.

### 5.2. Notice to Prospective Employers.

Employee agrees that, with respect to each prospective employer with which Employee applies or interviews for employment during the term of Employee's employment with System One and within one year after the termination of Employee's employment with System One, Employee will inform the prospective employer of the existence of this Agreement and will provide the prospective employer with a copy of this Agreement. Employee agrees that System One may provide any such prospective employer with a copy of this Agreement.

### 5.3. Representations.

Employee represents that the duties and obligations set forth in this Agreement will not unduly restrict or limit Employee's ability to earn a livelihood following Employee's termination of employment.

### 5.4. Continuing Obligations.

The duties and obligations set forth in this Agreement shall continue to apply in accordance with their terms after the termination of Employee's employment with System One, regardless of whether Employee voluntarily quits his/her employment with System One or is terminated by System One, and regardless of whether Employee's termination is with or without cause. The Restricted Period, as defined in Section 3, shall automatically be extended by the length of time during which Employee is in breach of his or her obligations under Sections 3(a), 3(b) or 3(c) of this Agreement.

### 5.5. Enforcement.

If a court of competent jurisdiction determines that any of the restrictions stated herein are unreasonable, invalid or unenforceable, the parties hereto expressly agree that the court shall have the power to reduce the period, scope or geographical period contained in this Agreement to substitute the maximum period, scope or geographical area deemed reasonable under such circumstances. Because money damages would be an inadequate remedy for any breach of Employee's obligations under this Agreement, in the event Employee breaches or threatens to breach this Agreement, System One, or any successors or assigns, may, in addition to other rights and remedies existing in its favor, apply to any court of competent jurisdiction for specific performance, or injunctive or other equitable relief in order to enforce, or prevent any violations of, this Agreement.

### 5.6. Severability.

Whenever possible, each provision of this Agreement will be interpreted in such a way as to be effective, valid and lawful under applicable law, but if any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect under any applicable law or rule in any jurisdiction, such invalidity, illegality or unenforceability will not affect any other provisions, but this Agreement and/or

Doc ID: 20180724121739613
Sertifi Electronic Signature

system|one

such provision will be reformed, construed and enforced in such jurisdiction as if such invalid, illegal or unenforceable provision had never been contained herein. Nothing in this Agreement is intended to preclude or dissuade Employee from engaging in legally protected activities or activities protected by local, state or federal law, including but not limited to the National Labor Relations Act, such as discussing wages, benefits or terms and conditions of employment, forming, joining or supporting labor unions, bargaining collectively through representatives of their choosing, raising complaints about working conditions for their and their fellow employees' mutual aid or protection or engaging in legally required activities.

### 5.7. Complete Agreement.

Except as set forth in this Agreement, this Agreement contains the complete agreement and understanding between the Parties and supersedes and preempts any prior understanding, agreement or representation by or between the Parties, written or oral, relating to the subject matter contained herein. Employee is not relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

### 5.8. Additional Rights and Causes of Action.

This Agreement is in addition to and does not in any way waive or detract from any rights or causes of action System One may have relating to Confidential Information or other protectable information or interests under statutory or common law or under any other agreement.

### 5.9. Governing Law.

Notwithstanding principles of conflicts of law of any jurisdiction to the contrary, this Agreement shall be construed in accordance with, and the rights and obligations of the Parties hereunder shall be governed by all terms and provisions of this Agreement are to be construed and governed by the laws of the Commonwealth of Pennsylvania.

### 5.10. Forum Selection.

Except as otherwise expressly set forth in Section 4 of this Agreement, any civil action to enforce this Agreement, or for a declaration of rights under this Agreement, shall be brought in and only in the Court of Common Pleas of Allegheny County, Pennsylvania, or, if the United States District Courts would otherwise have jurisdiction, in the United States District Court for the Western District of Pennsylvania. Employee hereby waives any objection that Employee may now or hereafter have to jurisdiction or venue in those courts, and agrees to submit to the jurisdiction of those courts. Employee agrees System One may make effective service of process on him/her by mail at the last known address provided to System One by Employee in writing.

### 5.11. Successors and Assigns.

System One and Employee acknowledge that the covenants and terms of this Agreement are intended to benefit not only System One, but also its successors, subsidiaries and affiliates. Accordingly, Employee agrees that System One may assign this Agreement to any person, partnership or corporation that purchases or is purchased by System One, as well as to any System One subsidiary or affiliate, without notice to Employee. These persons and other entities shall succeed to the rights and obligations of this Agreement and may enforce the terms of the Agreement on their own behalf or in the name of System One. Employee may not assign Employee's rights or delegate Employee's obligations hereunder.

Doc ID: 20180724121739613
Sertifi Electronic Signature

system|one

or corporation that purchases or is purchased by System One, as well as to any System One subsidiary or affiliate, without notice to Employee. These persons and other entities shall succeed to the rights and obligations of this Agreement and may enforce the terms of the Agreement on their own behalf or in the name of System One. Employee may not assign Employee's rights or delegate Employee's obligations hereunder.

### 5.12.   Waivers.

The waiver by either Employee or System One of a breach by the other party of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by the breaching party.

SYSTEM ONE AND EMPLOYEE ACKNOWLEDGE THAT (A) EACH HAS CAREFULLY READ THIS AGREEMENT, (B) EACH UNDERSTANDS ITS TERMS, (C) ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN SYSTEM ONE AND EMPLOYEE RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND (D) EACH HAS ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE OTHER, OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

EMPLOYEE FURTHER ACKNOWLEDGES THAT HE/SHE HAS BEEN GIVEN SUFFICIENT TIME AND OPPORTUNITY TO CONSIDER WHETHER TO SIGN THIS AGREEMENT; AND HAS NOT BEEN FORCED OR COERCED INTO DOING SO.

**IN WITNESS WHEREOF,** and intending to be legally bound, the Parties hereto have executed this Confidentiality, Non-Solicitation and Work Product Assignment Agreement and Mutual Agreement to Arbitrate Claims.

SYSTEM ONE HOLDINGS, LLC

*Craig Cypert*

onboarding-help@systemone.com

Signature of Employee

## Craig   Cypert

Print Name of Employee
**07/24/2018**

Signature of Authorized Representative

## Human Resources Manager

Title of Representative
**07/24/2018**

Date

Date

062015

- 8 -

Exhibit A-3



### CONFIDENTIALITY, NON-SOLICITATION
### AND WORK PRODUCT ASSIGNMENT AGREEMENT,
### AND MUTUAL AGREEMENT TO ARBITRATE CLAIMS

This Confidentiality, Non-Solicitation and Work Product Assignment Agreement and Mutual Agreement to Arbitrate Claims ("the Agreement"), is between System One Holdings, LLC and/or its affiliates, predecessors and/or successors (individually and collectively, "System One")[1] and _____ Chad A Copley _____ ("Employee") (the Employee and System One, together, are referred to as the "Parties"). As a material inducement for System One to employ Employee on an at-will basis, and in consideration of Employee's employment by System One, and in further consideration of the mutual promises set forth below, intending to be legally bound, the Parties agree as follows:

## 1. Confidential Information.

### 1.1. Definition.

"Confidential Information" consists of all information or data relating to the business of System One, including but not limited to, business and financial information; new product development and technological data; personnel information and the identities of employees; the identities of applicants for employment; the identities of clients and suppliers and prospective clients and suppliers; client lists and potential client lists; résumés; development, expansion and business strategies, plans and techniques; computer programs, devices, methods, techniques, processes and inventions; research and development activities; trade secrets as defined by applicable law and other materials (whether in written, graphic, audio, visual, electronic or other media, including computer software) developed by or on behalf of System One which is not generally known to the public, which System One has and will take precautions to maintain as confidential, and which derives at least a portion of its value to System One from its confidentiality. Additionally, Confidential Information includes information of any third party doing business with System One (actively or prospectively) that falls within the definition of Confidential Information set forth above as applied to such third party or that System One or such third party identifies as being confidential. Confidential Information does not include any information that is in the public domain or otherwise publicly available (other than as a result of a wrongful act by Employee or an agent or other employee of System One), information relating to the terms and conditions of employment, such as wages and benefits or other information that relates to Employee's engaging in lawful, protected, concerted activity under the National Labor Relations Act.

### 1.2. Agreement Regarding the Confidentiality of Confidential Information.

Employee acknowledges that, as a result of his/her employment by System One, he/she will have access to Confidential Information and to additional Confidential Information which may be developed in the future. Employee acknowledges that all Confidential Information is the exclusive property of System One, or in the case of Confidential Information of a third party, of such third party. Employee agrees to hold all Confidential Information in trust for the benefit of the owner of such Confidential Information. Employee further agrees that he/she will use Confidential Information for the sole purpose of performing his/her work for System One, and that during his/her employment with System One, and at all times after the termination of that employment for any reason, Employee will not

---

[1] Any reference in this Agreement to System One will be a reference to System One, its parents, subsidiaries, predecessors, successors, and assigns, and also to the officers, directors, employees, agents, benefit plans, benefit plans' sponsors and administrators, and fiduciaries of any of the foregoing.



use for his/her benefit, or the benefit of others, or divulge or convey to any third party any Confidential Information obtained by Employee during his/her employment by System One, unless it is pursuant to System One's express prior written permission.

### 1.3. Return of Property.

Employee acknowledges that he/she has not acquired and will not acquire any right, title or interest in any Confidential Information or any portion thereof. Employee agrees that, either before or upon termination of his/her employment for any reason, or at any time upon System One's request, he/she will deliver to System One immediately, all documents, data, computer programs and all other materials, and all copies thereof, that were obtained or made by Employee during his/her employment with System One, which constitute, contain or relate to Confidential Information, and any other documents, equipment and materials of any kind which constitute the property of System One or its clients, whether confidential or not, including any and all copies or notes thereof which may have been made by or for Employee. After the termination of Employee's employment, Employee shall not retain, in hard copy, computer, electronic, or any other form, any information which constitutes, contains, or relates in any way to proprietary, confidential, or trade secret information of System One or its clients, including Confidential Information.

### 1.4. Additional Obligation to Maintain the Confidentiality of Client's Confidential Information.

Employee may have access to confidential client information during Employee's employment with System One. Confidential client information includes all information about client's business affairs that is provided to System One by its clients, which is not already known or readily available to the general public. Knowledge of a client's business affairs must never be disclosed or used in an improper manner.

In order to maintain the professional confidence that is the basis of the client relationship, Employee shall not:

a.   Discuss any client's affairs with other clients or with third parties, unless System One has been authorized to do so and System One expressly authorizes Employee to do so.
b.   Identify any particular client where or with whom System One did work, including but not limited to when discussing the specific projects performed with other potential or existing clients.
c.   Discuss any confidential information of any client with any such client's employees who are not authorized to receive it.
d.   Discuss confidential client matters in public places where conversations may be overheard.

### 2. Disclosure and Assignment of Inventions and Creative Works.

Employee agrees, during and after his/her employment with System One, to promptly disclose in writing to System One all inventions, ideas, discoveries, developments, improvements and innovations (collectively "Inventions"), whether or not patentable and all copyrightable works, including but limited to computer software designs and programs ("Creative Works") conceived, made or developed by Employee, whether solely or together with others, during the period Employee is employed by System One. Employee agrees that all Inventions and all Creative Works, whether or not conceived or made during working hours, that: (a) relate directly to the business of System One or its actual or demonstrably anticipated research or development, or (b) result from Employee's work for System One,

DocuSign Envelope ID: 499DD721-52E9-4EA2-815D-26B04C6E10DF



or (c) involve the use of any equipment, supplies, facilities, Confidential Information, or time of System One, are the exclusive property of System One. To the extent that the Inventions or Creative Works consist of copyrightable subject matter, Employee and System One agree and acknowledge that the subject matter and any and all rights with respect to that subject matter are and shall be deemed, to the extent allowed by law, to be produced by for System One as a work made for hire. Employee hereby assigns and agrees to assign all right, title and interest in and to all such Inventions and Creative Works to System One. During and after the period of Employee's employment with System One, Employee shall execute all documents, and will assist System One in every reasonable and proper way, to obtain and enforce patents, trademark registrations, service mark registrations and copyrights, but Employee will receive no compensation for his/her assistance, other than the base earnings that Employee receives while employed by System One. Employee understands that he/she is not required to assign to System One any Invention or Creative Work for which no equipment, supplies, facilities, Confidential Information or time of System One was used, unless such Invention or Creative Work relates directly to System One's business or actual or demonstrably anticipated research and development, or results from any work performed by Employee for System One.

**3.**     <u>**Non-Solicitation Covenants.**</u>

    **3.1.**     <u>**Non-Solicitation of Clients.**</u>

During the period of the Employee's employment with System One and for a period of one year from the date of termination of such employment for any reason (the "Restricted Period"), Employee agrees that he/she will not, directly or indirectly, for the Employee's benefit or on behalf of any person, corporation, partnership or entity whatsoever call on, solicit, perform services for, interfere with or endeavor to entice away from System One any client to whom Employee provided services at any time during the 12 month period immediately preceding the date of termination of Employee's employment with System One, or any prospective client with whom Employee had contact during the six month period immediately preceding the date of termination of Employee's employment with System One. A "prospective client" shall be defined as an individual or company that expressed interest in working with System One or any individual or company to which System One submitted a bid or proposal. Notwithstanding the foregoing, the Restricted Period for employees performing work for System One exclusively or primarily in California shall be the period of Employee's employment with System One.

    **3.2.**     <u>**Non-Solicitation of Employees.**</u>

During the Restricted Period, as defined in Section 3.1, Employee agrees that he/she will not, directly or indirectly (1) hire, attempt to hire or solicit for employment any employee of System One, or (2) encourage any employee to leave the employee's employment with System One. For purposes of this Agreement, an employee is any individual who was employed by System One on the last day of Employee's employment or any individual who was employed by System One during the six month period immediately preceding the last day of Employee's employment with System One.

    **3.3.**     <u>**Non-Solicitation of Candidates.**</u>

During the Restricted Period, as defined in Section 3.1, except for the exclusive purpose of performing his/her work for System One, Employee agrees that he/she will not, directly or indirectly, hire, attempt to hire or solicit for employment any candidate for employment who Employee solicited for placement with or placed with System One during Employee's employment with System One.

**4.**     <u>**Agreement to Arbitrate.**</u>

DocuSign Envelope ID: 499DD721-52E9-4EA2-815D-26B04C6E10DF



### 4.1.   __Acknowledgment.__

The Parties recognize that differences may arise between them, or between Employee and System One's client(s), during or after Employee's employment with System One.

The Parties understand and agree that by entering into this agreement to arbitrate claims, each anticipates gaining the benefit of arbitration as a speedy, impartial dispute-resolution procedure, and each understands and agrees that both parties are voluntarily consenting to forego other types of litigation, except as specifically listed below in Sections 4.2 and 4.3. ***The Parties acknowledge and agree that, by entering into this Agreement, each Party is giving up the right to a jury trial for claims covered by this Section 4.*** Employee acknowledges that his/her agreement to submit to arbitration as described in this Agreement is in consideration of and is a material inducement to his/her employment by System One.

### 4.2.   __Claims Covered by this Agreement.__

System One and Employee mutually consent to the resolution by arbitration of all claims or controversies (including tort, contract or statutory), whether or not arising out of Employee's employment (or the termination of that employment), that System One may have against Employee or that Employee may have against System One, or that Employee may have against System One's client(s), if Employee's claim against System One's client(s) arises out of Employee's employment with System One (together, all of these are referred to as "claims"), except claims excluded in the following Section 4.3. Claims covered by this Agreement include, but are not limited to, claims for wages, bonuses, overtime pay, or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims, including but not limited to, defamation, wrongful termination, invasion of privacy and intentional infliction of emotional distress; claims for discrimination (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, genetic information or medical condition or disability), harassment and/or retaliation; claims for benefits or the monetary equivalent of benefits (except where an employee benefit or pension plan specifies that its claims procedure is subject to an arbitration procedure different from this one); and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, except claims excluded in the following Section 4.3. Any and all claims must be brought in Employee's individual capacity, and not as a plaintiff, representative class member or class member in any purported class, collective or representative proceeding, to the maximum extent permitted by applicable law. System One's client(s) is an intended beneficiary of Section 4 of this Agreement.

### 4.3.   __Claims Not Covered by this Agreement.__

Claims not covered by this Agreement include claims that Employee may have now or in the future for workers' compensation or unemployment benefits. Also not covered by this Agreement are claims by System One based on criminal acts of Employee, and claims by System One for injunctive or other equitable relief and damages for: (a) breach or threatened breach of any non-competition, non-solicitation, confidentiality and/or patent or invention assignment agreements; (b) unfair competition; or (c) the misappropriation, use and/or unauthorized disclosure of trade secrets or confidential information, as to each of which Employee understands and agrees that System One may immediately seek and obtain relief from a court of competent jurisdiction.



### 4.4. Required Notice of All Claims and Statute of Limitations.

The Parties agree that each must deliver written notice of any claim to the other party within one (1) year of the date the aggrieved party first has knowledge of the claim; otherwise the claim will be void and deemed waived, even if there is a federal or state statute of limitations which would have given more time to pursue the claim, to the maximum extent permitted by applicable law. Each party hereby waives any statute of limitations to the contrary. Notice to System One must be sent to the following:

> System One Holdings, LLC
> Attention: Chief Operating Officer
> 12 Federal Street
> Suite 205
> Pittsburgh, PA 15212

Notice to Employee must be sent to the address last known address provided by Employee to System One in writing.

### 4.5. Arbitration Procedures.

System One and Employee agree that any arbitration under this Agreement shall be in accordance with the then-current employment dispute rules of the American Arbitration Association ("AAA") and all arbitration demands shall be through AAA unless System One and Employee mutually agree to a different dispute resolution company. System One and Employee agree that the arbitration shall be held in Pittsburgh, Pennsylvania, unless System One and Employee mutually agree to hold the arbitration in a different location.

The arbitrator shall render a written award and opinion in the form typically rendered in arbitrations. The arbitrator's award shall be final and binding.

### 4.6. Arbitration Fees and Costs.

System One will pay the reasonable fees and costs of the arbitrator. System One and Employee will each pay its and his/her costs and attorneys' fees, if any. However, if either Party prevails on a statutory claim that affords the prevailing party attorneys' fees, the arbitrator may award reasonable fees to the prevailing Party.

### 4.7. Requirements for Modification or Revocation.

This Agreement to arbitrate shall survive the termination of Employee's employment. It may only be revoked or modified by a writing signed by the Parties which specifically states an intent to revoke or modify this Agreement.

### 4.8. Sole and Entire Agreement Relating to Arbitration.

This is the complete agreement of the Parties on the subject of arbitration of disputes except for any arbitration agreement in connection with any pension or benefit plan. This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. Employee is not relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.



5. **Miscellaneous.**

### 5.1.   At-Will Employment; Not a Guarantee of Employment.

This Agreement is not, and shall not be construed to create, any contract of employment or guarantee of employment for any specific time or under any specific terms or conditions., express or implied, and each of the Parties remains free to terminate the employment relationship at any time, for any reason or no reason, with or without notice, reason, or cause. The Parties acknowledge and agree that the relationship between Employee and System One is at-will.

### 5.2.   Notice to Prospective Employers.

Employee agrees that, with respect to each prospective employer with which Employee applies or interviews for employment during the term of Employee's employment with System One and within one year after the termination of Employee's employment with System One, Employee will inform the prospective employer of the existence of this Agreement and will provide the prospective employer with a copy of this Agreement. Employee agrees that System One may provide any such prospective employer with a copy of this Agreement.

### 5.3.   Representations.

Employee represents that the duties and obligations set forth in this Agreement will not unduly restrict or limit Employee's ability to earn a livelihood following Employee's termination of employment.

### 5.4.   Continuing Obligations.

The duties and obligations set forth in this Agreement shall continue to apply in accordance with their terms after the termination of Employee's employment with System One, regardless of whether Employee voluntarily quits his/her employment with System One or is terminated by System One, and regardless of whether Employee's termination is with or without cause. The Restricted Period, as defined in Section 3, shall automatically be extended by the length of time during which Employee is in breach of his or her obligations under Sections 3(a), 3(b) or 3(c) of this Agreement.

### 5.5.   Enforcement.

If a court of competent jurisdiction determines that any of the restrictions stated herein are unreasonable, invalid or unenforceable, the parties hereto expressly agree that the court shall have the power to reduce the period, scope or geographical period contained in this Agreement to substitute the maximum period, scope or geographical area deemed reasonable under such circumstances. Because money damages would be an inadequate remedy for any breach of Employee's obligations under this Agreement, in the event Employee breaches or threatens to breach this Agreement, System One, or any successors or assigns, may, in addition to other rights and remedies existing in its favor, apply to any court of competent jurisdiction for specific performance, or injunctive or other equitable relief in order to enforce, or prevent any violations of, this Agreement.

### 5.6.   Severability.

DocuSign Envelope ID: 499DD721-52E9-4EA2-815D-26B04C6E10DF



Whenever possible, each provision of this Agreement will be interpreted in such a way as to be effective, valid and lawful under applicable law, but if any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect under any applicable law or rule in any jurisdiction, such invalidity, illegality or unenforceability will not affect any other provisions, but this Agreement and/or such provision will be reformed, construed and enforced in such jurisdiction as if such invalid, illegal or unenforceable provision had never been contained herein.  Nothing in this Agreement is intended to preclude or dissuade Employee from engaging in legally protected activities or activities protected by local, state or federal law, including but not limited to the National Labor Relations Act, such as discussing wages, benefits or terms and conditions of employment, forming, joining or supporting labor unions, bargaining collectively through representatives of their choosing, raising complaints about working conditions for their and their fellow employees' mutual aid or protection or engaging in legally required activities.

### 5.7.  Complete Agreement.

Except as set forth in this Agreement, this Agreement contains the complete agreement and understanding between the Parties and supersedes and preempts any prior understanding, agreement or representation by or between the Parties, written or oral, relating to the subject matter contained herein. Employee is not relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

### 5.8.  Additional Rights and Causes of Action.

This Agreement is in addition to and does not in any way waive or detract from any rights or causes of action System One may have relating to Confidential Information or other protectable information or interests under statutory or common law or under any other agreement.

### 5.9.  Governing Law.

Notwithstanding principles of conflicts of law of any jurisdiction to the contrary, this Agreement shall be construed in accordance with, and the rights and obligations of the Parties hereunder shall be governed by all terms and provisions of this Agreement are to be construed and governed by the laws of the Commonwealth of Pennsylvania.

### 5.10.  Forum Selection.

Except as otherwise expressly set forth in Section 4 of this Agreement, any civil action to enforce this Agreement, or for a declaration of rights under this Agreement, shall be brought in and only in the Court of Common Pleas of Allegheny County, Pennsylvania, or, if the United States District Courts would otherwise have jurisdiction, in the United States District Court for the Western District of Pennsylvania.  Employee hereby waives any objection that Employee may now or hereafter have to jurisdiction or venue in those courts, and agrees to submit to the jurisdiction of those courts.  Employee agrees System One may make effective service of process on him/her by mail at the last known address provided to System One by Employee in writing.

### 5.11.  Successors and Assigns.

System One and Employee acknowledge that the covenants and terms of this Agreement are intended to benefit not only System One, but also its successors, subsidiaries and affiliates. Accordingly, Employee agrees that System One may assign this Agreement to any person, partnership

# system|one

or corporation that purchases or is purchased by System One, as well as to any System One subsidiary or affiliate, without notice to Employee. These persons and other entities shall succeed to the rights and obligations of this Agreement and may enforce the terms of the Agreement on their own behalf or in the name of System One. Employee may not assign Employee's rights or delegate Employee's obligations hereunder.

### 5.12. Waivers.

The waiver by either Employee or System One of a breach by the other party of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by the breaching party.

SYSTEM ONE AND EMPLOYEE ACKNOWLEDGE THAT (A) EACH HAS CAREFULLY READ THIS AGREEMENT, (B) EACH UNDERSTANDS ITS TERMS, (C) ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN SYSTEM ONE AND EMPLOYEE RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND (D) EACH HAS ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE OTHER, OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

EMPLOYEE FURTHER ACKNOWLEDGES THAT HE/SHE HAS BEEN GIVEN SUFFICIENT TIME AND OPPORTUNITY TO CONSIDER WHETHER TO SIGN THIS AGREEMENT; AND HAS NOT BEEN FORCED OR COERCED INTO DOING SO.

**IN WITNESS WHEREOF,** and intending to be legally bound, the Parties hereto have executed this Confidentiality, Non-Solicitation and Work Product Assignment Agreement and Mutual Agreement to Arbitrate Claims.

SYSTEM ONE HOLDINGS, LLC

DocuSigned by:
*Chad Copley*
AAFE4D1D156A4ED...
Signature of Employee

Chad A Copley

*Rebecca*

Signature of Authorized Representative

## Human Resources Manager

Print Name of Employee

Title of Representative

2/15/2017

Date

2/15/2017

Date

Exhibit A-4



## CONFIDENTIALITY, NON-SOLICITATION
## AND WORK PRODUCT ASSIGNMENT AGREEMENT,
## <u>AND MUTUAL AGREEMENT TO ARBITRATE CLAIMS</u>

This Confidentiality, Non-Solicitation and Work Product Assignment Agreement and Mutual Agreement to Arbitrate Claims ("the Agreement"), is between System One Holdings, LLC and/or its affiliates, predecessors and/or successors (individually and collectively, "System One")[1] and _____ Larry Krone_____ ("Employee") (the Employee and System One, together, are referred to as the "Parties"). As a material inducement for System One to employ Employee on an at-will basis, and in consideration of Employee's employment by System One, and in further consideration of the mutual promises set forth below, intending to be legally bound, the Parties agree as follows:

### 1. <u>Confidential Information.</u>

#### 1.1. <u>Definition.</u>

"Confidential Information" consists of all information or data relating to the business of System One, including but not limited to, business and financial information; new product development and technological data; personnel information and the identities of employees; the identities of applicants for employment; the identities of clients and suppliers and prospective clients and suppliers; client lists and potential client lists; résumés; development, expansion and business strategies, plans and techniques; computer programs, devices, methods, techniques, processes and inventions; research and development activities; trade secrets as defined by applicable law and other materials (whether in written, graphic, audio, visual, electronic or other media, including computer software) developed by or on behalf of System One which is not generally known to the public, which System One has and will take precautions to maintain as confidential, and which derives at least a portion of its value to System One from its confidentiality. Additionally, Confidential Information includes information of any third party doing business with System One (actively or prospectively) that falls within the definition of Confidential Information set forth above as applied to such third party or that System One or such third party identifies as being confidential. Confidential Information does not include any information that is in the public domain or otherwise publicly available (other than as a result of a wrongful act by Employee or an agent or other employee of System One), information relating to the terms and conditions of employment, such as wages and benefits or other information that relates to Employee's engaging in lawful, protected, concerted activity under the National Labor Relations Act.

#### 1.2. <u>Agreement Regarding the Confidentiality of Confidential Information.</u>

Employee acknowledges that, as a result of his/her employment by System One, he/she will have access to Confidential Information and to additional Confidential Information which may be developed in the future. Employee acknowledges that all Confidential Information is the exclusive property of System One, or in the case of Confidential Information of a third party, of such third party. Employee agrees to hold all Confidential Information in trust for the benefit of the owner of such Confidential Information. Employee further agrees that he/she will use Confidential Information for the sole purpose of performing his/her work for System One, and that during his/her employment with System One, and at all times after the termination of that employment for any reason, Employee will not

---

[1] Any reference in this Agreement to System One will be a reference to System One, its parents, subsidiaries, predecessors, successors, and assigns, and also to the officers, directors, employees, agents, benefit plans, benefit plans' sponsors and administrators, and fiduciaries of any of the foregoing.

Doc ID: 20170607152434512
Sertifi Electronic Signature



use for his/her benefit, or the benefit of others, or divulge or convey to any third party any Confidential Information obtained by Employee during his/her employment by System One, unless it is pursuant to System One's express prior written permission.

### 1.3.    Return of Property.

Employee acknowledges that he/she has not acquired and will not acquire any right, title or interest in any Confidential Information or any portion thereof. Employee agrees that, either before or upon termination of his/her employment for any reason, or at any time upon System One's request, he/she will deliver to System One immediately, all documents, data, computer programs and all other materials, and all copies thereof, that were obtained or made by Employee during his/her employment with System One, which constitute, contain or relate to Confidential Information, and any other documents, equipment and materials of any kind which constitute the property of System One or its clients, whether confidential or not, including any and all copies or notes thereof which may have been made by or for Employee. After the termination of Employee's employment, Employee shall not retain, in hard copy, computer, electronic, or any other form, any information which constitutes, contains, or relates in any way to proprietary, confidential, or trade secret information of System One or its clients, including Confidential Information.

### 1.4.    Additional Obligation to Maintain the Confidentiality of Client's Confidential Information.

Employee may have access to confidential client information during Employee's employment with System One. Confidential client information includes all information about client's business affairs that is provided to System One by its clients, which is not already known or readily available to the general public. Knowledge of a client's business affairs must never be disclosed or used in an improper manner.

In order to maintain the professional confidence that is the basis of the client relationship, Employee shall not:

a.      Discuss any client's affairs with other clients or with third parties, unless System One has been authorized to do so and System One expressly authorizes Employee to do so.
b.      Identify any particular client where or with whom System One did work, including but not limited to when discussing the specific projects performed with other potential or existing clients.
c.      Discuss any confidential information of any client with any such client's employees who are not authorized to receive it.
d.      Discuss confidential client matters in public places where conversations may be overheard.

### 2.      Disclosure and Assignment of Inventions and Creative Works.

Employee agrees, during and after his/her employment with System One, to promptly disclose in writing to System One all inventions, ideas, discoveries, developments, improvements and innovations (collectively "Inventions"), whether or not patentable and all copyrightable works, including but limited to computer software designs and programs ("Creative Works") conceived, made or developed by Employee, whether solely or together with others, during the period Employee is employed by System One. Employee agrees that all Inventions and all Creative Works, whether or not conceived or made during working hours, that: (a) relate directly to the business of System One or its actual or demonstrably anticipated research or development, or (b) result from Employee's work for System One,

Doc ID: 20170607152434512
Sertifi Electronic Signature



or (c) involve the use of any equipment, supplies, facilities, Confidential Information, or time of System One, are the exclusive property of System One. To the extent that the Inventions or Creative Works consist of copyrightable subject matter, Employee and System One agree and acknowledge that the subject matter and any and all rights with respect to that subject matter are and shall be deemed, to the extent allowed by law, to be produced by for System One as a work made for hire. Employee hereby assigns and agrees to assign all right, title and interest in and to all such Inventions and Creative Works to System One. During and after the period of Employee's employment with System One, Employee shall execute all documents, and will assist System One in every reasonable and proper way, to obtain and enforce patents, trademark registrations, service mark registrations and copyrights, but Employee will receive no compensation for his/her assistance, other than the base earnings that Employee receives while employed by System One. Employee understands that he/she is not required to assign to System One any Invention or Creative Work for which no equipment, supplies, facilities, Confidential Information or time of System One was used, unless such Invention or Creative Work relates directly to System One's business or actual or demonstrably anticipated research and development, or results from any work performed by Employee for System One.

**3.    Non-Solicitation Covenants.**

**3.1.    Non-Solicitation of Clients.**

During the period of the Employee's employment with System One and for a period of one year from the date of termination of such employment for any reason (the "Restricted Period"), Employee agrees that he/she will not, directly or indirectly, for the Employee's benefit or on behalf of any person, corporation, partnership or entity whatsoever call on, solicit, perform services for, interfere with or endeavor to entice away from System One any client to whom Employee provided services at any time during the 12 month period immediately preceding the date of termination of Employee's employment with System One, or any prospective client with whom Employee had contact during the six month period immediately preceding the date of termination of Employee's employment with System One. A "prospective client" shall be defined as an individual or company that expressed interest in working with System One or any individual or company to which System One submitted a bid or proposal. Notwithstanding the foregoing, the Restricted Period for employees performing work for System One exclusively or primarily in California shall be the period of Employee's employment with System One.

**3.2.    Non-Solicitation of Employees.**

During the Restricted Period, as defined in Section 3.1, Employee agrees that he/she will not, directly or indirectly (1) hire, attempt to hire or solicit for employment any employee of System One, or (2) encourage any employee to leave the employee's employment with System One. For purposes of this Agreement, an employee is any individual who was employed by System One on the last day of Employee's employment or any individual who was employed by System One during the six month period immediately preceding the last day of Employee's employment with System One.

**3.3.    Non-Solicitation of Candidates.**

During the Restricted Period, as defined in Section 3.1, except for the exclusive purpose of performing his/her work for System One, Employee agrees that he/she will not, directly or indirectly, hire, attempt to hire or solicit for employment any candidate for employment who Employee solicited for placement with or placed with System One during Employee's employment with System One.

**4.    Agreement to Arbitrate.**

Doc ID: 20170607152434512
Sertifi Electronic Signature



### 4.1.   Acknowledgment.

The Parties recognize that differences may arise between them, or between Employee and System One's client(s), during or after Employee's employment with System One.

The Parties understand and agree that by entering into this agreement to arbitrate claims, each anticipates gaining the benefit of arbitration as a speedy, impartial dispute-resolution procedure, and each understands and agrees that both parties are voluntarily consenting to forego other types of litigation, except as specifically listed below in Sections 4.2 and 4.3. *The Parties acknowledge and agree that, by entering into this Agreement, each Party is giving up the right to a jury trial for claims covered by this Section 4.* Employee acknowledges that his/her agreement to submit to arbitration as described in this Agreement is in consideration of and is a material inducement to his/her employment by System One.

### 4.2.   Claims Covered by this Agreement.

System One and Employee mutually consent to the resolution by arbitration of all claims or controversies (including tort, contract or statutory), whether or not arising out of Employee's employment (or the termination of that employment), that System One may have against Employee or that Employee may have against System One, or that Employee may have against System One's client(s), if Employee's claim against System One's client(s) arises out of Employee's employment with System One (together, all of these are referred to as "claims"), except claims excluded in the following Section 4.3. Claims covered by this Agreement include, but are not limited to, claims for wages, bonuses, overtime pay, or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims, including but not limited to, defamation, wrongful termination, invasion of privacy and intentional infliction of emotional distress; claims for discrimination (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, genetic information or medical condition or disability), harassment and/or retaliation; claims for benefits or the monetary equivalent of benefits (except where an employee benefit or pension plan specifies that its claims procedure is subject to an arbitration procedure different from this one); and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, except claims excluded in the following Section 4.3. Any and all claims must be brought in Employee's individual capacity, and not as a plaintiff, representative class member or class member in any purported class, collective or representative proceeding, to the maximum extent permitted by applicable law. System One's client(s) is an intended beneficiary of Section 4 of this Agreement.

### 4.3.   Claims Not Covered by this Agreement.

Claims not covered by this Agreement include claims that Employee may have now or in the future for workers' compensation or unemployment benefits. Also not covered by this Agreement are claims by System One based on criminal acts of Employee, and claims by System One for injunctive or other equitable relief and damages for: (a) breach or threatened breach of any non-competition, non-solicitation, confidentiality and/or patent or invention assignment agreements; (b) unfair competition; or (c) the misappropriation, use and/or unauthorized disclosure of trade secrets or confidential information, as to each of which Employee understands and agrees that System One may immediately seek and obtain relief from a court of competent jurisdiction.

Doc ID: 20170607152434512
Sertifi Electronic Signature



**4.4.** **Required Notice of All Claims and Statute of Limitations.**

The Parties agree that each must deliver written notice of any claim to the other party within one (1) year of the date the aggrieved party first has knowledge of the claim; otherwise the claim will be void and deemed waived, even if there is a federal or state statute of limitations which would have given more time to pursue the claim, to the maximum extent permitted by applicable law. Each party hereby waives any statute of limitations to the contrary. Notice to System One must be sent to the following:

System One Holdings, LLC
Attention: Chief Operating Officer
12 Federal Street
Suite 205
Pittsburgh, PA 15212

Notice to Employee must be sent to the address last known address provided by Employee to System One in writing.

**4.5.** **Arbitration Procedures.**

System One and Employee agree that any arbitration under this Agreement shall be in accordance with the then-current employment dispute rules of the American Arbitration Association ("AAA") and all arbitration demands shall be through AAA unless System One and Employee mutually agree to a different dispute resolution company. System One and Employee agree that the arbitration shall be held in Pittsburgh, Pennsylvania, unless System One and Employee mutually agree to hold the arbitration in a different location.

The arbitrator shall render a written award and opinion in the form typically rendered in arbitrations. The arbitrator's award shall be final and binding.

**4.6.** **Arbitration Fees and Costs.**

System One will pay the reasonable fees and costs of the arbitrator. System One and Employee will each pay its and his/her costs and attorneys' fees, if any. However, if either Party prevails on a statutory claim that affords the prevailing party attorneys' fees, the arbitrator may award reasonable fees to the prevailing Party.

**4.7.** **Requirements for Modification or Revocation.**

This Agreement to arbitrate shall survive the termination of Employee's employment. It may only be revoked or modified by a writing signed by the Parties which specifically states an intent to revoke or modify this Agreement.

**4.8.** **Sole and Entire Agreement Relating to Arbitration.**

This is the complete agreement of the Parties on the subject of arbitration of disputes except for any arbitration agreement in connection with any pension or benefit plan. This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. Employee is not relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

Doc ID: 20170607152434512
Sertifi Electronic Signature



## 5.  Miscellaneous.

### 5.1.   At-Will Employment; Not a Guarantee of Employment.

This Agreement is not, and shall not be construed to create, any contract of employment or guarantee of employment for any specific time or under any specific terms or conditions., express or implied, and each of the Parties remains free to terminate the employment relationship at any time, for any reason or no reason, with or without notice, reason, or cause.  The Parties acknowledge and agree that the relationship between Employee and System One is at-will.

### 5.2.   Notice to Prospective Employers.

Employee agrees that, with respect to each prospective employer with which Employee applies or interviews for employment during the term of Employee's employment with System One and within one year after the termination of Employee's employment with System One, Employee will inform the prospective employer of the existence of this Agreement and will provide the prospective employer with a copy of this Agreement.   Employee agrees that System One may provide any such prospective employer with a copy of this Agreement.

### 5.3.   Representations.

Employee represents that the duties and obligations set forth in this Agreement will not unduly restrict or limit Employee's ability to earn a livelihood following Employee's termination of employment.

### 5.4.   Continuing Obligations.

The duties and obligations set forth in this Agreement shall continue to apply in accordance with their terms after the termination of Employee's employment with System One, regardless of whether Employee voluntarily quits his/her employment with System One or is terminated by System One, and regardless of whether Employee's termination is with or without cause.   The Restricted Period, as defined in Section 3, shall automatically be extended by the length of time during which Employee is in breach of his or her obligations under Sections 3(a), 3(b) or 3(c) of this Agreement.

### 5.5.   Enforcement.

If a court of competent jurisdiction determines that any of the restrictions stated herein are unreasonable, invalid or unenforceable, the parties hereto expressly agree that the court shall have the power to reduce the period, scope or geographical period contained in this Agreement to substitute the maximum period, scope or geographical area deemed reasonable under such circumstances. Because money damages would be an inadequate remedy for any breach of Employee's obligations under this Agreement, in the event Employee breaches or threatens to breach this Agreement, System One, or any successors or assigns, may, in addition to other rights and remedies existing in its favor, apply to any court of competent jurisdiction for specific performance, or injunctive or other equitable relief in order to enforce, or prevent any violations of, this Agreement.

### 5.6.   Severability.

Doc ID: 20170607152434512
Sertifi Electronic Signature



Whenever possible, each provision of this Agreement will be interpreted in such a way as to be effective, valid and lawful under applicable law, but if any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect under any applicable law or rule in any jurisdiction, such invalidity, illegality or unenforceability will not affect any other provisions, but this Agreement and/or such provision will be reformed, construed and enforced in such jurisdiction as if such invalid, illegal or unenforceable provision had never been contained herein. Nothing in this Agreement is intended to preclude or dissuade Employee from engaging in legally protected activities or activities protected by local, state or federal law, including but not limited to the National Labor Relations Act, such as discussing wages, benefits or terms and conditions of employment, forming, joining or supporting labor unions, bargaining collectively through representatives of their choosing, raising complaints about working conditions for their and their fellow employees' mutual aid or protection or engaging in legally required activities.

### 5.7. Complete Agreement.

Except as set forth in this Agreement, this Agreement contains the complete agreement and understanding between the Parties and supersedes and preempts any prior understanding, agreement or representation by or between the Parties, written or oral, relating to the subject matter contained herein. Employee is not relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

### 5.8. Additional Rights and Causes of Action.

This Agreement is in addition to and does not in any way waive or detract from any rights or causes of action System One may have relating to Confidential Information or other protectable information or interests under statutory or common law or under any other agreement.

### 5.9. Governing Law.

Notwithstanding principles of conflicts of law of any jurisdiction to the contrary, this Agreement shall be construed in accordance with, and the rights and obligations of the Parties hereunder shall be governed by all terms and provisions of this Agreement are to be construed and governed by the laws of the Commonwealth of Pennsylvania.

### 5.10. Forum Selection.

Except as otherwise expressly set forth in Section 4 of this Agreement, any civil action to enforce this Agreement, or for a declaration of rights under this Agreement, shall be brought in and only in the Court of Common Pleas of Allegheny County, Pennsylvania, or, if the United States District Courts would otherwise have jurisdiction, in the United States District Court for the Western District of Pennsylvania. Employee hereby waives any objection that Employee may now or hereafter have to jurisdiction or venue in those courts, and agrees to submit to the jurisdiction of those courts. Employee agrees System One may make effective service of process on him/her by mail at the last known address provided to System One by Employee in writing.

### 5.11. Successors and Assigns.

System One and Employee acknowledge that the covenants and terms of this Agreement are intended to benefit not only System One, but also its successors, subsidiaries and affiliates. Accordingly, Employee agrees that System One may assign this Agreement to any person, partnership

Doc ID: 20170607152434512
Sertifi Electronic Signature



or corporation that purchases or is purchased by System One, as well as to any System One subsidiary or affiliate, without notice to Employee. These persons and other entities shall succeed to the rights and obligations of this Agreement and may enforce the terms of the Agreement on their own behalf or in the name of System One. Employee may not assign Employee's rights or delegate Employee's obligations hereunder.

### 5.12. Waivers.

The waiver by either Employee or System One of a breach by the other party of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by the breaching party.

SYSTEM ONE AND EMPLOYEE ACKNOWLEDGE THAT (A) EACH HAS CAREFULLY READ THIS AGREEMENT, (B) EACH UNDERSTANDS ITS TERMS, (C) ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN SYSTEM ONE AND EMPLOYEE RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND (D) EACH HAS ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE OTHER, OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

EMPLOYEE FURTHER ACKNOWLEDGES THAT HE/SHE HAS BEEN GIVEN SUFFICIENT TIME AND OPPORTUNITY TO CONSIDER WHETHER TO SIGN THIS AGREEMENT; AND HAS NOT BEEN FORCED OR COERCED INTO DOING SO.

**IN WITNESS WHEREOF,** and intending to be legally bound, the Parties hereto have executed this Confidentiality, Non-Solicitation and Work Product Assignment Agreement and Mutual Agreement to Arbitrate Claims.

SYSTEM ONE HOLDINGS, LLC

*larry krone*

onboarding-help@systemone.com

Signature of Employee

Signature of Authorized Representative

## Larry  Krone

Print Name of Employee
**06/07/2017**

## Human Resources Manager

Title of Representative
**06/07/2017**

Date

Date

Doc ID: 20170607152443512
Sertifi Electronic Signature