UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| ERNIE HARBAUM, Individually and for Others Similarly Situated, | Case No. 2:19-cv-844 |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| TRANSCANADA USA SERVICES INC., | |
| Defendant. | |

**Defendant TransCanada USA Services, Inc.'s Brief in Support
of its Motion to Compel Certain Opt-In Plaintiffs to Arbitration and Stay Proceedings**

1

### I. Nature of the Proceedings and Summary of Relief Requested

This is a Fair Labor Standards Act case. Defendant TransCanada USA Services, Inc. ("TransCanada") is a company whose employees work on the supply of energy resources. Opt-in plaintiffs Craig Cypert, Charles R. Copley, Chad Copley, and Larry Krone were all employed by System One Holdings, LLC. *See* Exhibit A, Declaration of Susan Burgess Tencza. Each have filed notices of consent to join in this lawsuit. Dkt. Nos. 8-1 (Cypert), 20-1 (Charles Copley and Krone), and 23 (Chad Copley).

Plaintiff Ernie Harbaum filed this lawsuit on November 26, 2019. Dkt. No. 1. TransCanada answered on January 2, 2020. Dkt. No. 10. Harbaum filed a Motion for Conditional Certification and Court-Authorized Notice ("Motion for Conditional Certification") on February 27, 2020. Dkt. No. 26. Harbaum is a former employee of Gulf Interstate Field Services, Inc. ("GIFS"). *See* Dkt. Nos. 30, 31. In considering its response to Harbaum's Motion for Conditional Certification, TransCanada discovered that Harbaum had entered into an arbitration agreement with GIFS that covers the claim in this case and provides that TransCanada is a third-party beneficiary. *Id.* TransCanada moved to compel Harbaum to arbitration on March 11, 2020. *Id.* On March 13, 2020, Harbaum filed a Motion for Leave to File Amended Complaint. Dkt. No. 33. On March 19, 2020, TransCanada filed a Motion to Dismiss for Lack of Personal Jurisdiction requesting that the Court dismiss certain individuals who had opted-in to this case but have no connection to West Virginia. Dkt. Nos. 34, 35. TransCanada also filed its Response to Harbaum's Motion for Conditional Certification on March 19, 2020. Dkt. No. 36. As explained in its Response, one reason that Harbaum's Motion for Conditional Certification should be denied is because his arbitration agreement precludes him from proceeding in a judicial forum and seeking conditional certification. *Id.* TransCanada also explained that notice would also be improper because other individuals are

dissimilar in that they have entered into arbitration agreements with collective and class action waivers (which would also preclude them receiving notice). *Id*. TransCanada specifically identified System One employees Cypert, Charles Copley, Chad Copley, and Krone.

The Court granted Harbaum leave to file an amended complaint on March 23, 2020. Dkt. No. 37. The First Amended Collective Action Complaint, which still includes Harbaum as a named plaintiff was filed the same day. Dkt. No. 38. Thereafter, the parties stipulated to Harbaum's dismissal. Dkt. No. 40.

The Court should compel the above opt-in plaintiffs to arbitration pursuant to the terms of their Arbitration Agreements and stay this case. As explained below: (1) a dispute exists between the parties; (2) the Arbitration Agreements are written agreements and include an arbitration provision that covers this dispute; (3) the Arbitration Agreements relate to interstate commerce; and (4) Cypert, Charles Copley, Chad Copley, and Krone have failed to arbitrate. Thus, arbitration is appropriate and TransCanada's Motion should be granted.

## II. Material Facts

Opt-in plaintiffs Cypert, Charles Copley, Chad Copley, and Krone entered into Arbitration Agreements that provide that arbitration before the American Arbitration Association ("AAA") shall be the sole manner of dispute resolution for workplace claims against third parties, such as TransCanada. Specifically, the Arbitration Agreements state:

> **4.1. Acknowledgment.**
>
> The Parties recognize that differences may arise between them, or between Employee and System One's client(s), during or after Employee's employment with System One.
>
> The Parties understand and agree that by entering into this agreement to arbitrate claims, each anticipates gaining the benefit of arbitration as a speedy, impartial dispute-resolution procedure, and each understands and agrees that both parties are voluntarily

consenting to forego other types of litigation, except as specifically listed below in Sections 4.2 and 4.3. The Parties acknowledge and agree that, by entering into this Agreement, each Party is giving up the right to a jury trial for claims covered by this Section 4. Employee acknowledges that his/her agreement to submit to arbitration as described in this Agreement is in consideration of and is a material inducement to his/her employment by System One.

### 4.2. <u>Claims Covered by this Agreement</u>.

System One and **Employee mutually consent to the resolution by arbitration of all claims or controversies (including tort, contract or statutory)**, whether or not arising out of Employee's employment (or the termination of that employment), that System One may have against Employee or that Employee may have against System One, or **that Employee may have against System One's client(s), if Employee's claim against System One's client(s) arises out of Employee's employment with System One (together, all of these are referred to as "claims")**, except claims excluded in the following Section 4.3. Claims covered by this Agreement include, but are not limited to, claims for wages, bonuses, overtime pay, or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims, including but not limited to, defamation, wrongful termination, invasion of privacy and intentional infliction of emotional distress; claims for discrimination (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, genetic information or medical condition or disability), harassment and/or retaliation; claims for benefits or the monetary equivalent of benefits (except where an employee benefit or pension plan specifies that its claims procedure is subject to an arbitration procedure different from this one); and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, except claims excluded in the following Section 4.3. **Any and all claims must be brought in Employee's individual capacity, and not as a plaintiff, representative class member or class member in any purported class, collective or representative proceeding, to the maximum extent permitted by applicable law. System One's client(s) is an intended beneficiary of Section 4 of this Agreement.**

### 4.3. <u>Claims Not Covered by this Agreement</u>.

Claims not covered by this Agreement include claims that Employee may have now or in the future for workers' compensation or unemployment benefits. Also not covered by this Agreement are

> claims by System One based on criminal acts of Employee, and claims by System One for injunctive or other equitable relief and damages for: (a) breach or threatened breach of any non-competition, non-solicitation, confidentiality and/or patent or invention assignment agreements; (b) unfair competition; or (c) the misappropriation, use and/or unauthorized disclosure of trade secrets or confidential information, as to each of which Employee understands and agrees that System One may immediately seek and obtain relief from a court of competent jurisdiction.

Exhibit A, Arbitration Agreements at ¶¶4.1-4.3 (emphasis supplied). As explained below, the above provisions require that Cypert's, Charles Copley's, Chad Copley's, and Krone's claims be compelled to arbitration.

### III. Argument & Authorities

**A. Standard for enforcement of arbitration agreements.**

The Federal Arbitration Act ("FAA") provides that a written agreement to arbitrate in any contract involving interstate commerce "shall be valid, irrevocable and enforceable" unless there are grounds for revocation in law or equity. 9 U.S.C. § 2; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, (1983). To compel arbitration under the FAA, the movant must demonstrate: "'(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction ... to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [party] to arbitrate the dispute.'" *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005) (*quoting Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002)). If a valid arbitration agreement exists and covers the claims at issue, this Court has "no choice but to grant a motion to compel arbitration." *Adkins*, 303 F.3d at 500 (4th Cir. 2002). FLSA claims are subject to arbitration under the FAA. *Id.* at 506. Similarly, class and collective action waivers are valid

and enforceable. *Epic Systems Corp. v. Lewis*, ––– U.S. ––––, 138 S. Ct. 1612, 200 L.Ed.2d 889 (2018).

   B. **Cypert's, Charles Copley's, Chad Copley's, and Krone's claims should be compelled to arbitration.**

   i. *A dispute exists between TransCanada and Cypert, Charles Copley, Chad Copley, and Krone*

Cypert, Charles Copley, Chad Copley, and Krone filed notices of consent to join in this action and gave their authority sue. Dkt. Nos. 8-1 (Cypert), 20-1 (Charles Copley and Krone), and 23 (Chad Copley). Thus, the present claims demonstrate a dispute between the parties. *See* Dkt. No. 1; *Salmons v. CMH of KY., Inc.*, No. 2:19-CV-00268, 2019 WL 3884038, at \*2 (S.D.W. Va. Aug. 16, 2019) (claim asserted in complaint sufficient to demonstrate dispute).

   ii. *The Arbitration Agreements cover the disputes in this lawsuit and apply to TransCanada.*

Cypert, Charles Copley, Chad Copley, and Krone agreed to individually arbitrate the dispute in this case and thereby waived the right to bring or participate in any class, collective, or representative action. Exs. A-1–A-4 at ¶4.2.

The Arbitration Agreements provide that, "System One and **Employee mutually consent to the resolution by arbitration of all claims or controversies (including tort, contract or statutory)**, whether or not arising out of Employee's employment (or the termination of that employment), that System One may have against Employee or that Employee may have against System One, or **that Employee may have against System One's client(s), if Employee's claim against System One's client(s) arises out of Employee's employment with System One (together, all of these are referred to as "claims")**," Exs. A-1–A-4 at ¶4.2 (emphasis supplied).

TransCanada is also expressly identified as a third party beneficiary against whom claims must be arbitrated. The Arbitration Agreements state, "**System One's client(s) is an intended**

**beneficiary of Section 4 of this Agreement.**" *Id*. Thus, the Arbitration Agreements cover the dispute at hand against TransCanada.

### iii.   *The Arbitration Agreements relate to interstate commerce.*

System One is headquartered in Pittsburgh, Pennsylvania and required notice their under the Arbitration Agreements. Exs. A-1–A-4 at ¶4.4. Cypert, Charles Copley, Chad Copley, and Krone were assign by System One to work in West Virginia and their claims arise from that work. Ex. A at ¶8. Thus, the Arbitration Agreements relate to interstate commerce.

### iv.   *Cypert, Charles Copley, Chad Copley, and Krone failed to arbitrate this dispute.*

Cypert, Charles Copley, Chad Copley, and Krone filed notices of consent to join in this case and therefore have failed to arbitrate. On March 24, 2020 TransCanada presented Cypert, Charles Copley, Chad Copley, and Krone with copies of their Arbitration Agreements and they nonetheless remain in this lawsuit.

## IV.   Conclusion

For all these reasons, TransCanada respectfully requests that the Court enter an order compelling Cypert, Charles Copley, Chad Copley, and Krone to arbitrate their claims pursuant to their Arbitration Agreements and staying this litigation. TransCanada further requests any and all other relief, at law or in equity, to which it may be entitled.

Respectfully Submitted,

*/s/ Stephen J. Quezada*
Stephen J. Quezada, Esq.
Admitted *Pro Hac Vice*
Texas SBN: 24076195
Federal ID No.: 1348753
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Allen Center
500 Dallas St., Ste. 3000
Houston, TX 77002

Phone: (713) 655-0855
Fax: (713) 655-0020
stephen.quezada@ogletree.com

Eric E. Kinder
WV State Bar # 8817
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Boulevard, East
Charleston, West Virginia 25301
Telephone: (304) 340-3800
Facsimile: (304) 340-3801
ekinder@spilmanlaw.com

*Attorneys for TransCanada USA Services, Inc.*

## Certificate of Service

    I hereby certify that on April 6, 2020 the foregoing paper was served on all parties and counsel of record via the Court's CM/ECF system.

*/s/ Stephen J. Quezada*
Stephen J. Quezada

42292301.1