IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TERRY O'QUINN

          Plaintiff,

v.                                          CIVIL ACTION NO.   2:19-cv-00844

TRANSCANADA USA SERVICES, INC.,

          Defendant.

ORDER

Pending before the court is the parties' Joint Motion for Approval of an FLSA Settlement. [ECF No. 102]. The Joint Motion seeks to approve a settlement in the amount of $550,000. $220,000 is allocated for attorneys' fees; $10,000 is allocated for attorney costs; $11,750 is allocated for administration costs; $5,000 is allocated to be awarded to the named plaintiff; and $303,250 is allocated to be awarded to individual plaintiffs in varying amounts.

This case arises from allegations by class members who work as inspectors that Transcanada misclassified them as contractors rather than employees and failed to pay appropriate overtime wages. [ECF No. 38].

The FLSA contains a "judicial prohibition against the unsupervised waiver or settlement of claims." *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007), *superseded by regulation on other grounds as stated in Whiting v. The Johns Hopkins Hosp.*, 416 F. App'x 312, 315 (4th Cir. 2011). However, claims for back wages under the FLSA may be settled if the settlement is supervised by the Department of Labor or a district court. *See e.g., Lynn's Food Stores, Inc. v. United States,* 679 F.2d

1350, 1353 (11th Cir. 1982). In such cases, the proposed settlement must reflect a reasonable compromise of a bona fide dispute. *Id.* A court assessing a settlement for fairness must be provided with enough information to make such a determination. *See Kianpour v. Rest. Zone, Inc.,* No. DKC 11-0802, 2011 WL 5375082 at *2 (D. Md. Nov. 4, 2011).

The following factors are relevant to the reasonableness of an FLSA settlement: 1) the extent of discovery that has taken place; 2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; 3) the absence of fraud or collusion in the settlement; 4) the experience of plaintiff's counsel; and 5) the probability of plaintiff's success on the merits and the amount of the settlement compared to the potential recovery. *See Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975) (directing courts to consider these factors in assessing the reasonableness of a class action settlement); *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:09-cv-1310, 2009 WL 3094955 (E.D. Va. Sept. 28, 2009) (applying the *Flinn* factors when considering an individual settlement in an FLSA case).

It is clear that there a bona fide dispute exists in this case. Parties continue to disagree whether the inspectors were misclassified as contractors and therefore failed to pay overtime wages, about the appropriate statute of limitations, and whether plaintiffs would be entitled to liquidated damages. Parties have engaged in extensive discovery over this matter, have litigated several matters before the court, and engaged in mediation. There does not appear to be collusion between the parties. Plaintiffs' counsel have extensive experience in wage and hour litigation. Parties believe that this settlement is fair and reasonable. Given the risks of litigation and that even had Plaintiffs prevailed at trial, the risk that a jury would not award damages in excess of the settlement amount, I **FIND** that this settlement is a fair and

reasonable resolution of a bona fide dispute over FLSA provisions, and I **GRANT** the Joint Motion to Approve Settlement [ECF No. 102], in the amount of $550,000. I further **GRANT** Plaintiffs' Motion for approval of the attorneys' fees [ECF No. 104].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 4, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE